UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

FABIOLA MUNOZ,

      Plaintiff,

v.

LANDCO, LLC, and
TOM THUMB FOOD STORES,
INC.,

      Defendants.

_____/

## COMPLAINT

Plaintiff, FABIOLA MUNOZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues LANDCO, LLC and TOM THUMB FOOD STORES, INC. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, FABIOLA MUNOZ, is an individual over eighteen (18) years of age,

with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.	At all times material, Defendant, LANDCO, LLC, owned and operated a commercial retail center at 18400 SW 177 Avenue, Homestead, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6.	At all times material, Defendant, LANDCO, LLC, was a Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

7.	At all times material, Defendant, TOM THUMB FOOD STORES, INC., owned and operated a commercial retail establishment at 18400 SW 177 Avenue, Homestead, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant TOM THUMB FOOD STORES, INC. holds itself out to the public as "Tom Thumb."

8.	At all times material, Defendant, TOM THUMB FOOD STORES, INC., was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

9.	Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10.	Although over twenty-nine (29) years have passed since the effective date of

Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13.     Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA.   FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that caused loss of use to her lower extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

14.     Defendant, LANDCO, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

15.     Defendant, TOM THUMB FOOD STORES, INC., owns and operates a supermarket business on the Commercial Property located at 18400 SW 177 Avenue, Homestead, Florida, that is a place of public accommodation and operates, controls and maintains the interior of the business and Commercial Property.

16.      The subject Commercial Property is open to the public and is located in Miami, Florida.

17.     The individual Plaintiff visits the Commercial Property and businesses located

3

within the Commercial Property, regularly, to include a visit to the Commercial Property and businesses located within the Commercial Property on or about January 14. 2021 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein.   She often visits the Commercial Property and businesses located within the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately eight (8) miles from her residence, as well as other businesses and restaurants she frequents as a patron.   She plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months from the date of the filing of this Complaint. More specifically Plaintiff intends to revisit on or before March 6, 2021.

18.      Plaintiff resides nearby in a the same County and the same state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to her home and other businesses that she frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff intends to revisit on or before March 6, 2021 and other days.

19.      The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.   The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue her patronage and use of the commercial premise and business located therein.

20.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, FABIOLA MUNOZ, and others similarly situated.

21.     Defendant, LANDCO, LLC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant, LANDCO, LLC, is responsible for complying with the obligations of the ADA. Defendant TOM THUMB FOOD STORES, INC. owns and operates a business and place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, TOM THUMB FOOD STORES, INC., is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, LANDCO, LLC and TOM THUMB FOOD STORES, INC., own and operate is located at 18400 SW 177 Avenue, Homestead, Florida.

22.     Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial

Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

23.     Defendant, LANDCO, LLC, as landlord and owner of the Commercial Property, and TOM THUMB FOOD STORES, INC., as tenant and owner and operator of the business are jointly and severally responsible and liable for all ADA violations listed in this Complaint.

24.     Plaintiff, FABIOLA MUNOZ, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Count I of this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail herself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure herself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial

Property without fear of discrimination.

25.     Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

<strong><u>COUNT I – ADA VIOLATIONS</u></strong>

26.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27.     Defendants, LANDCO, LLC and TOM THUMB FOOD STORES, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.   A.  <u>Parking</u>

i.     The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope and not the required striping. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, Accessible parking space is not outlined in blue or needs re-striping. Section FBC§11-4.6, Florida Code§502.2, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking

space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The accessible parking space identification striping is mismarked. Each such parking space must be striped in a manner that is consistent with the standards of FDOT for other spaces and prominently outlined with blue paint, and must be repainted when necessary, to be clearly distinguishable as a parking space designated for persons who have disabilities violating Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable.

   B. Public Restroom

i.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the open side of the water closet. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not transfer to the toilet without assistance, as the toilet tissue dispenser is mounted over the side wall grab bar at a non-compliant height. Violation: Toilet tissue

dispenser is encroaching over the side wall grab bar. Section 4.26.2 and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted over the water closet tank at a non-compliant height. Violation: Water closet tank is encroaching under the rear wall grab bar. Section 4.26.2 and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

28.     The discriminatory violations described in Count I of this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, FABIOLA MUNOZ, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

29.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and

damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32.     Defendants are required to remove the existing architectural barriers to the

10

physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 13672 SW 88th Street, Miami, Florida 33186, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, FABIOLA MUNOZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such

facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 1, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713